UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

GRAPHIC GROUP, LLC d/b/a
WALL'S OLD FASHIONED ICE CREAM
and LANDCO, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Graphic Group, LLC d/b/a Wall's Old Fashioned Ice Cream and Defendant Landco, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants Graphic Group, LLC and Landco LLC are both authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Graphic Group, LLC (also referenced as "Defendant Graphic Group," "tenant," "operator," lessee" or "co-Defendant") is a Florida limited liability company which is the owner and operator of the "Wall's Old Fashioned Ice Cream," an ice cream parlor located at 8075 SW 67 Avenue, Miami, Florida 33143.

6. Defendant Landco, LLC (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") is a Florida registered limited liability company which is the owner of Folio 30-4036-000-0770, a commercial real property.

## FACTS

7. At all times material hereto, a portion of the commercial space within Defendant Landlord's Folio 30-4036-000-0770 real property has been leased to co-Defendant Graphic Group (the lessee). The lessee in turn has operated the "Wall's Old Fashioned Ice Cream" ice cream parlor within that leased space.

8. Wall's Old Fashioned Ice Cream parlor (also referenced as "Wall's Ice Cream Parlor") serves ice cream and homemade fudge and beverages and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink".

9. As the operator of an ice cream parlor which is open to the public, Defendant Graphic Group is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates an ice cream parlor; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. As the owner of commercial real property which is operated as an ice cream parlor open to the public, Landco LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Plaintiff often travels to Dadeland Mall, and on February 20, 2021 decided to stop at Wall's Ice Cream Parlor (which is on the way to Dadeland Mall) with the intent of purchasing an ice cream snack and eating the snack at one of the outside dining tables.

12. On his February 20th visit, Plaintiff had extreme difficulty perambulating his wheelchair across the pebble parking lot, which was further exacerbated by the fact that the handicap accessible parking space was not located in the closest available location to the entrance of the ice cream parlor. After ordering his ice cream, Plaintiff was unable to eat at the outside tables because none of the tables accommodated his wheelchair. Therefore, Plaintiff was forced to eat his ice cream in his car and was unable to enjoy the ambiance of the dining area.

13. Plaintiff has been denied full and equal access by the operator/lessee of Wall's Old Fashioned Ice Cream Parlor (Defendant Graphic Group) and by the owner/lessor of the commercial property which contains the Wall's Old Fashioned Ice Cream Parlor building and parking lot (Defendant Landlord) due to barriers to dining inherent in the outdoor seating area as well as the failure of Defendants to provide accessible parking with the closest path of travel to the entrance of the ice cream parlor.

14. Plaintiff continues to desire to patronize Wall's Old Fashioned Ice Cream Parlor but Plaintiff continues to be injured in that he continues to be discriminated against due to the barriers to access to the ice cream parlor and unequal accommodation which is in violation of the ADA.

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited Wall's Old Fashioned Ice Cream parlor in order to purchase an ice cream snack and dine at the outdoor eating area established for the general public. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he parked his car and attempted to sit at the outdoor seating area to enjoy his ice cream and therefore suffered an injury in fact.

21. Defendant Landlord and Defendant Graphic Group (the lessee and operator of Wall's Old Fashioned Ice Cream) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the ice cream parlor, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the ice cream parlor by Defendants.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendant Landlord and operator Defendant Graphic Group have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said

Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Landlord which houses Wall's Old Fashioned Ice Cream is operated by Defendant Graphic Group. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Graphic Group (the lessee/operator of the ice cream parlor) and Defendant Landlord (jointly and severally), failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

   ii. As to Defendant Graphic Group (the lessee/operator of the ice cream parlor) and Defendant Landlord (jointly and severally), failure to provide accessible parking which provides the closest path of travel to the entrance of the ice cream parlor which is in violation of 28 C.F.R. Part 36, Section 4.24.

   iii. As to Defendant Graphic Group (the lessee/operator of the ice cream parlor) and Defendant Landlord (jointly and severally), are in further violation by virtue of the fact that the parking lot is made of pebbles which make perambulating in a wheelchair extremely difficult and has created an uneven ground surface, which is in violation of 28 C.F.R. Part 36, Section 4.5.1 and 2010 ADA Standards for Accessible Design.

   iv. As to Defendant Graphic Group (the lessee/operator of the ice cream parlor) and Defendant Landlord (jointly and severally), the ice cream parlor outside dining is inaccessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 5.4, which requires that all dining areas, including outdoor seating areas be accessible. Specifically, outside seating area

tables provided for outside dining are not accessible to Plaintiff and his wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4.

26. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the ice cream parlor operating within the commercial public space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the ice cream parlor and the adjacent parking lot such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property owner and lessor Defendant Landco, LLC and the lessee (operator of the ice cream parlor) Defendant Graphic Group, LLC and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the facilities such that the ice cream parlor is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys' fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 22nd day of March, 2021.

                                        Respectfully submitted,

                                        */s/ J. Courtney Cunningham*
                                        J. Courtney Cunningham, Esq.
                                        J. COURTNEY CUNNINGHAM, PLLC
                                        FBN: 628166
                                        8950 SW 74th Court, Suite 2201
                                        Miami, Florida 33156
                                        Telephone:  305-351-2014
                                        Email: cc@cunninghampllc.com
                                        *Counsel for Plaintiff*